UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLE ROBERT CHEZA,

Plaintiff,

v.

JUDGE ARIADNE J. SYMONS, et al.,

Defendants.

Case No. 14-cv-2078 VC (PR)

**ORDER OF DISMISSAL**

Kyle Robert Cheza, a California state prisoner incarcerated at Mercer County Prison, located in Mercer, Pennsylvania, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against officials employed by the County of Santa Cruz, California. Cheza also files a motion to proceed informa pauperis, which is granted in a separate order. The Court now reviews Cheza's complaint.

**DISCUSSION**

**I.    Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Cheza's Allegations

Cheza sues Judge Ariadne J. Symons, Assistant District Attorney Rebekah Young, Deputy Probation Officer Deborah Voith and Deputy Alternate Public Defender Elizabeth Caballero for their conduct in relation to Cheza's criminal sentence imposed on May 18, 2012 in the Santa Cruz County Superior Court. Cheza's complaint alleges the following. His sentence was based on a plea negotiation that involved the Superior Court, Young, Caballero and Voith. The parties agreed that Cheza would receive a suspended sentence for aggravated trespass, but that he must leave the County of Santa Cruz and remain in the custody of his father, who lived in Pennsylvania. Caballero, Cheza's defense counsel, did not object to Cheza's "immediate banishment" nor did she explain that "the punishment by banishment to another state is prohibited by public policy."

Based upon these allegations, Cheza asserts a claim of legal malpractice against Caballero, and claims against all defendants for denial of due process, cruel and unusual punishment, conspiracy and fraud. Cheza seeks compensatory and punitive damages.

## III. Analysis

Cheza's complaint must be dismissed. Cheza may not assert any section 1983 claim that would call into question the validity of his conviction as long as the conviction remains in place. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *Id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as

damages. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If success in the section 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the section 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because every one of Cheza's claims would imply that his conviction or sentence was invalid, and because Cheza does not allege that his conviction or sentence has been determined to be wrongful, his claims are barred by *Heck* and must be dismissed. If Cheza can show that his conviction and sentence has been invalidated, he may file an amended complaint so alleging, with proof of the invalidation.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The claims in Cheza's complaint are dismissed without prejudice to filing an amended complaint remedying the deficiencies noted above.

2. If Cheza files an amended complaint, he must do so within twenty-one days from the date of this Order. If Cheza does not file an amended complaint within this time frame, his complaint will be dismissed with prejudice. However, dismissal under section 1915(A) is without prejudice to filing a paid complaint.

**IT IS SO ORDERED.**

Dated: May 29, 2014

_____
VINCE CHHABRIA
United States District Judge