Kyle R. Cheza  
    Plaintiff,

v.

Honorable Ariadne J. Symons, et al.  
    Defendant(s)

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA

No. CV 14-02078 **VC**

Jury Trial

**CIVIL RIGHTS COMPLAINT 42 U.S.C. § 1983**

**FILED**

JUN 18 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Jurisdiction**

A federal court has jurisdiction to a **42 U.S.C. S 1983** Civil Rights Claims pursuant to **28 U.S.C. S 1331, 1332.**

**Parties**

1. The Honorable Ariadne J. Symons, Judge of the Superior Court of the State of California, County of Santa Cruz, 701 Ocean Street, Santa Cruz, California 95060.

2. Esquire, Rebekah Young, Assistant District Attorney of Santa Cruz, Santa Cruz County Courthouse, 701 Ocean Street, Santa Cruz, California 95060.

3. Esquire, Elizabeth Caballero, Deputy Alternate Public Defender of Santa Cruz County, Wallraff and Associates, 136 Vernon Street, Santa Cruz, California 95060.

4. Deborah Voith, Deputy Probation Officer of Santa Cruz County, Santa Cruz Probation Department, 303 Water Street, Santa Cruz, California 95061

**Cruel And Unusual Punishment**

5. On May 18, 2012, The Honorable Ariadne J. Symons sentenced the Plaintiff, Kyle Robert Cheza to a term of 365 days to be served in the Santa Cruz County/the State of Pennsylvania in the custody and supervision of his father, Paul Dennis Cheza, for Aggravated Tresspass.

6. The sentence was grounded on a prior plea negotiation that involved the court of Santa Cruz County, Judge Symons, District Attorney Rebekah Young, and the Public Defender, Elizabeth Caballero, Plaintiff's counsel of record, and Probation Officer Deborah Voith.

7. The agreement concluded by said parties was that the defendant/plaintiff would receive a suspended sentence with and additional order to leave the County of Santa Cruz and the State of California and to remain in the custody of the Plaintiff's father, Paul Dennis Cheza, who resides in the Commonwealth of Pennsylvania, Mercer County and report in to California Probation Department via phone to Deborah Voith, and was ordered not to leave the State of Pennsylvania for no reason at all.

8. Also, the custody and care of the Plaintiff's father should run current with the unresolved sentence of probation, and that custody itself was to be served as to the maximum expired term of the suspended sentence/365 days.

9. In addition, the Plaintiff and his father, Paul Dennis Cheza, was ordered to periodically contact the Santa Cruz County Probation Department in the State of California to inform the Plaintiff's P.O., Deborah Voith of his progress and/or contact with law enforcement etc.

## Legal Malpractice

10. The Plaintiff's Public Defender, Elizabeth Cabarello, did neither object to the terms and conditions of the plea bargain relating to the immediate banishment of the Plaintiff nor did she explain that the punishment by banishment to another state is prohibited by public policy.

11. Incorporate paragraphs 1 through 9 to the above paragraph and subsection.

## Denial of Due Process

12. Incorporate paragraphs 1 through 10 to this subsection.

## Conspiracy

13. Incorporate paragraphs 1 through 10 to this subsection.

## Fraud

14. Incorporate paragraphs 1 through 10 to this subsection.

15. The Plaintiff is seeking monetary punitive damages is the sum of $100,000.00.

16. The Planitiff is seeking compensatory damages and legal fees, mailing fees, and any and all fees this Honorable Court deems to be adequate.

17. The Plaintiff is seeking nomial damages that are appropriate by this Honorable Court.

The Plaintiff, Kyle Robert Cheza, named herein do hereby declare under penalty of perjury ( **28 U.S.C. § 1746** ) that he is the Plaintiff herein this action to the United States District Court for the Northern District of California at San Francisco, states that he has read the same and that the same facts set forth herein are true and correct.

Dated: April 15, 2014

Respectfully submitted,

KYLE ROBERT CHEZA

#

3

```
 1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                         COUNTY OF SANTA CRUZ

 3              BEFORE THE HONORABLE ARIADNE J. SYMONS, JUDGE

 4
     THE PEOPLE OF THE                )
 5   STATE OF CALIFORNIA,             )
                                      )
 6                    Plaintiff,      )
                                      )
 7   vs.                              )        No. F22700
                                      )            M66466
 8   KYLE ROBERT CHEZA,               )
                                      )
 9                    Defendant.      )
                                      )
10   _____

11
                   REPORTER'S TRANSCRIPT OF PROCEEDINGS
12

13                           May 18, 2012

14

15                             APPEARANCES

16

17   For the People:           REBEKAH YOUNG
                               Assistant District Attorney
18

19

20   For the Defendant:        ELIZABETH CABALLERO
                               Deputy Alternate Public Defender
21

22

23   Probation Department:     DEBORAH VOITH
                               Deputy Probation Officer
24

25

26   Official Court Reporter:  TANIS J. O'CONNOR
                               CSR No. 7553
```

```
 1   Santa Cruz, California                    May 18, 2012
 2                      P R O C E E D I N G S
 3                            --oOo--
 4             THE COURT:  Who is handling the Cheza matter,
 5   please?  Kyle Robert Cheza.
 6             MS. YOUNG:  Rebekah Young for the People.
 7             THE COURT:  And who is the defense attorney in
 8   this matter?
 9             MS. YOUNG:  It's Ms. Caballero.
10             THE COURT:  Is this a resolution or a go,
11   please?
12             MS. YOUNG:  I believe it's going to be a go.
13             (Unrelated proceedings conducted.)
14             THE COURT:  All right.  Ms. Caballero, the Cheza
15   matter, are we ready to have that called, please?
16             MS. CABALLERO:  Your Honor, I believe that would
17   be a case that would benefit from some discussions with
18   the Court, please.
19             THE COURT:  Thank you.
20             MS. CABALLERO:  Thank you.
21             (Unrelated proceedings conducted.)
22             THE COURT:  Ms. Caballero, are we ready on the
23   Cheza matter?
24             MS. CABALLERO:  We are, Your Honor.  Page 3.
25             THE COURT:  Good morning, Mr. Cheza.
26             THE DEFENDANT:  Good morning, Your Honor.
```

```
 1              THE COURT:  How are you, sir?
 2              THE DEFENDANT:  When this is all said and done,
 3   if you give me a moment, I'll let you know where I'm at
 4   with everything.
 5              THE COURT:  All right, sir.
 6              Ms. Caballero.
 7              THE DEFENDANT:  I'd like to be able to speak,
 8   with a couple things put on record.
 9              THE COURT:  Just one moment.  We'll start with
10   your attorney first.
11              What is the proposal this morning, ma'am?
12              MS. CABALLERO:  Your Honor, the proposal this
13   morning is that Mr. Cheza is going to plead, in M66466, to
14   Count 2; a dismissal of Count 1, in light of the plea.
15              In F22700, the district attorney is going to
16   reduce the charge to an amended charge of, I believe,
17   602.5 --
18              MS. YOUNG:  Correct.
19              MS. CABALLERO:  -- misdemeanor, for --
20              THE COURT:  Which is trespass.
21              MS. YOUNG:  Your Honor, it's 602.5 sub (b),
22   which is the aggravated trespass we had discussed.
23              THE COURT:  All right.
24              MS. CABALLERO:  For a suspended sentence, Your
25   Honor, of 365 days.  I'm not sure which case the Court
26   wanted to put the suspended sentence on.
```

```
 1          Mr. Cheza has credit for 14 -- I'm sorry --
 2   15 days on F22700, and I believe one day on M66466; with
 3   Mr. Cheza being courtesy housed at the county jail,
 4   releasable to his father, Dan Cheza.
 5          THE DEFENDANT:  Denny.
 6          MS. CABALLERO:  Danny {sic} Cheza, who will be
 7   en route soon.
 8          And for Mr. Cheza to remain in the state of
 9   Pennsylvania for a minimum of one year, at which point the
10   suspended sentence will -- will terminate, as well as
11   probation, on F18955.
12          THE COURT:  Mr. Cheza, did you understand all of
13   that?
14          THE DEFENDANT:  Um.  I'm a little unclear -- I
15   want to make sure that -- I was told that I'm not
16   necessarily put to Pennsylvania alone, because I have a
17   lot of family throughout Michigan, Ohio, Pennsylvania, New
18   York, on into the Carolinas, where over the next
19   12 months, work will deteeter {sic}, depending on
20   everything -- pretty much if it goes -- my dad and my
21   probation officer are going to be keeping in touch, and I
22   just want to make sure that -- I mean, my mom lives in
23   Ohio, and what's going down right now was the last thing I
24   expected to happen, but as much as I got a chip on my
25   shoulder, it's going to be a good thing for me, and, um,
26   I'm going to come back rolling thunder.  You know what I
```

1  mean?  But I -- I just want to make sure that I'm allowed
2  to be in Ohio and -- and surrounding area, which I thought
3  was okay, but pretty much they don't want me crossing the
4  Continental Divide right now, is what I'm getting.
5       THE COURT:  Essentially, I want you to spend the
6  first year with your dad, because he's got some good
7  support for you there.  It will help you get up on your
8  feet.  If you'd like to go visit mum, you get permission
9  from probation.  All of it can be done over the telephone,
10 but I don't want you just traveling around without being
11 in contact with people.
12      THE DEFENDANT:  The part of the country I'm
13 going to be in, three states border each other.  It's like
14 going from Watsonville to here.  I mean, they're real
15 close.
16      So that's why I wanted to get that clarified
17 right now, that my mom lives in Ohio.  My step-dad owns
18 property there.  He's got a hobby shop.  I'm probably
19 going to be doing work with my dad.  There are some houses
20 there.  I'll --
21      THE COURT:  You'll to have keep in touch, and it
22 will have to be approved.  So if probation calls your dad,
23 and your father says, "I have no idea where my son is" --
24      THE DEFENDANT:  Right.  Then I'm in violation.
25 I understand that.
26      THE COURT:  Okay.  I think we're on the same

```
 1  page.
 2          THE DEFENDANT:  I'm all clear with that.
 3          And two more things:  Um.  When this year is up,
 4  this time next year, I was told that my probation is
 5  terminated.
 6          THE COURT:  Going to terminate everything.  All
 7  done.
 8          THE DEFENDANT:  And at that point my flag is
 9  free to fly right back onto the West Coast?
10          THE COURT:  I have to tell you, we really don't
11  want you to come back to Santa Cruz.  It's not --
12          THE DEFENDANT:  I'll be back.
13          THE COURT:  -- a good environment for you.  You
14  get in a lot of trouble here.
15          THE DEFENDANT:  I got 22 years invested in here,
16  and as much as there are some people that say they don't
17  want me around, I got no problems with them.  They can
18  keep their own space, and I'll keep mine.  You know,
19  bygones are bygones.
20          There are some charges put against me here that
21  were -- accusations that were made that were wrong, and
22  I've done a little homework, and if I really wanted to, I
23  could probably further this with a lawsuit, but I'm
24  willing to say because I made the wrong choice myself to
25  go somewhere where I thought I had permission and didn't,
26  that I'm willing to let all that go.  You know what I
```