

Kyle Robert Cheza
P. O. Box 3110
Youngstown, OH  44512

July 31, 2014

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

Case Number:  CV14-02078 VC

NOTICE OF APPEAL



FILED
AUG 1 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Kyle Robert Cheza,

    Plaintiff,

v.

Ariadne J. Symons et al,

    Defendant,

I. The purpose of this pleading is to appeal the Judgment of July 3, 2014.

II. The dismissal states that I did not submit a complaint on the sentencing but it is most important the Court know, as I am sure they do, that I am not appealing the sentence, as I have already served it. My appeal is to receive punitive damages for serving out an illegal sentence. After reading the following statement I trust that the Court will note that Judge Symons et al are not entitled to immunity due to the fact they operated outside their geographical area by imposing the restrictions and guidelines on me, stated below, while living outside of the state of California.

The conviction was not appealed; it was the sentencing that violated my constitutional rights. The judgment to dismiss on the grounds that I failed to list the constitutional violations of the sentencing, I feel, was clearly stated in my first appeal. However, I will list them below.

1. I was ordered/banished out of the state of California for 365 days, one year, and to remain in the custody of my father, Denny Cheza, in the city of Sharon, PA and the county Mercer. I was told to report periodically to the Department of Probation, Santa Cruz, CA.
2. It came to my attention in August of 2012 that I was not on probation in the state of CA or in the state of PA. Yet, I was given strict guidelines by Judge Symons to adhere to the probation rules and to contact the Probation Department in Santa Cruz, CA even to visit my mother in Boardman, OH, thirty-five miles from Sharon, PA.

There was never an interstate compact made with PA for my probation to continue in that state with an assigned probation officer. Therefore, I maintain that I was not legally on probation in either state and yet Judge Symons imposed restrictions that were actually out of her geographical area.
3. In late August of 2012 I phoned the Santa Cruz Department of Probation and told them I was having a very difficult time in PA and wished to return to CA or elsewhere to look for work and I was told I could not leave PA or return to CA until the year was completed.
4. This banishment caused me to receive a Failure to Appear from traffic court, which incurred the suspension of my driver's license along with thousands of dollars in fines. All four parties in my complaint were aware of this traffic court date and my probation officer, Deborah Voith, assured me she would take care of it for me. The damages I am seeking are moderate considering the physical, emotional and psychological stresses I experienced as a result of this illegal sentencing, which I served out.

The most poignant issue of these experiences and events is the unconstitutionality of the sentencing and the violation of my constitutional rights. I trust the court to find in favor of the damages I seek. If not, I humbly ask for a trial by jury to hear this case and make a decision on this matter made by a jury of my peers.

Respectfully submitted,
Kyle R. Cheza

Kyle R. Cheza
   Plaintiff,

v.

Honorable Adriadne J. Symons,
et al.
   Defendant,

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA

C.A. No.

## CIVIL RIGHTS COMPLAINT 42 U.S.C. § 1983

### Jurisdiction

A federal court has jurisdiction to a **42 U.S.C. § 1983** Civil Rights Claims pursuant to **28 U.S.C. §§ 1331 1332.**

### Parties

1. The Honorable Ariadne J. Symons, Judge of the Superior Court of the State of California County of Santa Cruz, Superior Court of the State of California County Santa Cruz, 710 Ocean St., Santa Cruz, CA 95060.

2. Esq. Rebekah Young, Assistant District Attorney of Santa Cruz, Santa Cruz County Courthouse, 710 Ocean St., Santa Cruz, CA 95060.

3. Esq. Elizabeth Cabellero, Deputy Alternate Public Defender of Santa Cruz County.

4. Deborah Voith, Deputy Probation Officer of Santa Cruz County.

### CRUEL AND UNUSUAL PUNISHMENT

5. On May 18, 2012, the Honorable Ariadne J. Symons sentenced the Plaintiff, Kyle Robert Cheza, to 365 days to the Santa Cruz County Jail for Aggravated Trespass.

6. The Sentenced was based on a prior plea negotiation that involved the Court of Santa Cruz, Judge Symons, District Attorney Rebekah Young, and the Public Defender Elizabeth Cabellero, Plaintiff's then counsel of record.

7. The agreement concluded was the defendant/plaintiff would receive a suspended sentence with the agreement to leave the County of Santa Cruz and the State of Claifornia and to remain in custody with his father, Danny Cheza, who resides in the Commonwealth of Pennsylvania, Mercer County.

8. In addition, the custody and care of the Plaintiff's father should extend the maximum expired term of the suspended sentence.

9. Also, the Plaintiff and his, Paul Dennis Cheza, to peroidicly contact the Probation officer in the State of Califorina, County of Santa Cruz to inform the Plaintiff's P.O. of his progress and or contact with law enforcement.

## LEGAL MALPRACTICE / or / Negligance

10. The Plaintiff's Public Defender, Elizabeth Caballero, did neither object to the terms of the plea bargain relating to the banishment of the Plaintiff nor did she explain that the punishment by banishment to another state is prohibited by public policy.

11. Incorporate paragraphs 1 through 9 to the above paragraph and subsection.

## DENIAL OF DUE PROCESS

12. Incoporate paragraphs 1 through 10 to this subsection.

### Relief

13. The Plaintiff is seeking monetary punitive damages of a $100,000.

14. The Plaintiff is seeking compensatory damages for legal fees, mailing fees, and any and all fees this Honorable Court deems to be adequate.

15. The Plaintiff is seeking nominal damages that are appropriated by this Honorable Court.

The Plaintiff, KYLE ROBERT CHEZA, named herein do herby declare under penalty of prejury (28 U.S.C. §1746) that he is the Plaintiff herein this action to the United States District Court for the Northern District of California at San Francisco, states that he has read the same and that the same facts set forth herein are true and correct.

Dated: APRIL 15, 2014

Respectfully sumbitted,

KYLE ROBERT CHEZA

2