**FILED**

**NOT FOR PUBLICATION**

MAR 20 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KYLE ROBERT CHEZA,

        Plaintiff - Appellant,

  v.

ARIADNE J. SYMONS, Judge, Superior Court of California, County of Santa Cruz; et al.,

        Defendants - Appellees.

No. 14-16488

D.C. No. 3:14-cv-02078-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Kyle Robert Cheza appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal constitutional and state law claims based on his criminal sentence. We have jurisdiction under 28 U.S.C. §

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013). We affirm.

Dismissal of Cheza's claims against the state court judge and the district attorney was proper because these defendants are immune from liability for damages under § 1983. *See Waggy v. Spokane County Wash.*, 594 F.3d 707, 710 (9th Cir. 2010) (a state prosecutor has immunity from liability under § 1983 in pursuing a criminal prosecution); *Sadoski v. Mosley,* 435 F.3d 1076, 1079 (9th Cir. 2006) (judge did not act in "clear absence of all jurisdiction" in modifying defendant's sentence and was entitled to judicial immunity).

Dismissal of Cheza's claims against the public defender was proper because public defenders are not state actors and thus not subject to liability under § 1983. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (a public defender is not a state actor under § 1983).

Dismissal of Cheza's claims against the probation officer was proper because Cheza failed to state facts sufficient to show that the probation officer's alleged misconduct caused his injuries. *See Leer v. Murphy*, 844 F.2d 628, 633

(9th Cir. 1988) (the causation analysis under § 1983 is "individualized and focus[es] on the duties and responsibilities of . . . [the] individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation").

We reject Cheza's contentions that the district court dismissed his action in a biased and unjust manner, improperly reassigned his case, and did not inform him of the deadline to file his notice of appeal.

Cheza's requests for punitive damages, costs, and fines, and the restoration of his driver's license, as set forth in his opening brief, are denied.

**AFFIRMED.**